Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| JULIO M. ROSARIO ORTIZ<br>Parte Apelante<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>Parte Apelada | TA2025CE00371 | *Certiorari*<br>Acogido como Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>PO2025CV00197<br><br>Sobre:<br>Mandamus |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de septiembre de 2025.

Comparece el señor Julio M. Rosario Ortiz (Sr. Rosario Ortiz), por derecho propio y de manera *pauperis[1],* mediante recurso suscrito el 14 de agosto de 2025, depositado en el correo postal el 25 de agosto de 2025 y recibido en la Secretaría de este Tribunal el 27 de agosto de 2025. Solicita que revoquemos la *Sentencia* emitida el 21 de mayo de 2025, y notificada el 4 de agosto de 2025, por el Tribunal de Primera Instancia (TPI), Sala de Ponce. En ésta, el TPI declaró *no ha lugar* la petición de *mandamus* presentada por el Sr. Rosario Ortiz contra el Departamento de Corrección y Rehabilitación y el Departamento de Hacienda.

Acogemos el escrito como una apelación, por ser el recurso adecuado para revisar sentencias finales del TPI[2] y, de conformidad

---

[1] El Sr. Rosario Ortiz acompañó con su recurso una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia,* debidamente cumplimentada y juramentada. Se autoriza la litigación *in forma pauperis* del Sr. Rosario Ortiz.

[2] Véase, Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, y Regla 13 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 22, 215 DPR __ (2025). Precisamos que, por motivos de economía procesal, mantenemos inalterada la identificación alfanumérica asignada por la Secretaría de este Tribunal.

con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[3], resolvemos sin trámite ulterior.

## I.

El 27 de enero de 2025, el Sr. Rosario Ortiz, quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), presentó ante el TPI una petición de *mandamus* contra el DCR y el Departamento de Hacienda. En síntesis, solicitó que se le ordenara a la parte demandada pagar y/o desembolsar a su favor el tercer pago de los estímulos económicos otorgados por el Gobierno Federal bajo el "Cares Act".[4]

El 18 de marzo de 2025, el Departamento de Hacienda compareció mediante una *Moción de desestimación.*[5] En su escrito, arguyó que procedía la desestimación de la solicitud del Sr. Rosario Ortiz por razón de que ésta incumplía con los requisitos del *mandamus*. En particular, señaló que la solicitud no fue juramentada, conforme lo exige la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, R. 54; que las alegaciones contenidas en la demanda no demuestran que existiera un deber ministerial incumplido y que existe un procedimiento adecuado en ley para reclamar el pago de los fondos. Al respecto, el Departamento de Hacienda explicó que:

> ...de conformidad con la información que surge del sistema del Departamento de Hacienda, [el Sr. Rosario Ortiz] completó el 10 de noviembre de 2021 la planilla de contribución sobre ingresos mediante la cual solicitó el pago de los primeros dos incentivos económicos ($1,200.00 y $600.00). (...). Posteriormente, el 13 de octubre se le emitió un reintegro mediante el cheque número 61264327, por la cantidad de $600 y el reintegro por la suma de $1,200.00 fue interceptado por ASUME, alegadamente debido a deudas previas. Ahora bien, con relación al tercer pago del incentivo económico, surge del sistema que se radicó una planilla de contribución sobre ingreso para el año 2021 mediante proveedor privado el 4 de septiembre de 2024 pero no se contestó la carta de Notificación para Validar su Identidad remitida por el Departamento de

---

[3] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, supra, pág. 15.

[4] Véase, expediente digital del caso PO2025CV00197 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada 1.

[5] SUMAC, Entrada 10.

Hacienda. Por esta razón, el Sistema Computarizado del Departamento de Hacienda activó un indicador que paralizó el pago bajo el fundamento de que la cuenta requería revisión ya que resultaba necesario validar la identidad del contribuyente, entiéndase mediante copia de su tarjeta de seguro social, así como copia de una identificación con foto. Cabe señalar que todo incentivo económico solicitado debe pasar por este proceso de validación para que pueda ser reembolsado. Por lo tanto, recae en la parte demandante la responsabilidad de completar el procedimiento establecido para recibir el pago del tercer incentivo económico. (...). [6]

El TPI le concedió al Sr. Rosario Ortiz un breve término[7] para que presentara su posición respecto a la solicitud de desestimación y éste no presentó escrito alguno.

El 21 de mayo de 2025, el TPI dictó y notificó la *Sentencia*[8] objeto del presente recurso, mediante la cual declaró *no ha lugar* la petición de *mandamus* incoada por el Sr. Rosario Ortiz. El TPI concluyó que el promovente de la solicitud no estableció la existencia de un deber ministerial, ni que ese deber ministerial se hubiere incumplido. El 4 de agosto de 2025, el TPI ordenó a su Secretaría volver a notificar al Sr. Rosario Ortiz la Sentencia emitida.[9]

Inconforme con la determinación del TPI, el 14 de agosto de 2025, el Sr. Rosario Ortiz presentó este recurso y formuló el siguiente señalamiento de error:

> Erró el TPI al declarar No Ha Lugar el Mandamus cuando el peticionario Sr. Julio M. Rosario Ortiz llev[ó] a cabo todo el proceso desde los remedios administrativos y también al completar la planilla de contribución del 2021 a través de un proveedor privado.

**II.**

El Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421, recoge el significado y alcance del recurso extraordinario de *mandamus*. Éste es un recurso altamente privilegiado y discrecional mediante el cual se exige a una persona natural o jurídica el

---

[6] *Íd.*, a las págs. 4-5.
[7] *Íd.*, Entrada 11.
[8] *Íd.*, Entrada 18.
[9] *Íd.,* Entrada 22.

cumplimiento de un deber ministerial dentro de las atribuciones o deberes del cargo que ocupa.[10] Nuestra jurisprudencia ha definido un deber ministerial como aquel deber impuesto por la ley que no permite discreción en su ejercicio, sino que es mandatorio e imperativo.[11]

El Tribunal Supremo ha establecido que, salvo contadas excepciones, para que proceda el recurso de *mandamus,* se requiere que la parte promovente demuestre que hizo un requerimiento previo y que este no fue debidamente atendido por el demandado.[12] De igual forma, ha reiterado que no procede expedir un recurso de *mandamus* cuando la parte que lo solicita tiene disponible un recurso adecuado y eficaz en el curso ordinario de la ley.[13] Por último, al evaluar si procede conceder este recurso, el Tribunal Supremo ha establecido que los tribunales consideran el impacto que podría tener sobre los intereses públicos involucrados, la Rama Ejecutiva y los derechos de terceros.[14] Entre éstos, tiene más peso el impacto posible al interés público.[15]

El carácter privilegiado del recurso de *mandamus* conlleva que su expedición sea de carácter discrecional.[16] Además, "[l]a procedencia del *mandamus* depende inexorablemente del carácter del acto que se pretende compeler mediante dicho recurso".[17]

### III.

El Sr. Rosario Ortiz alega que el TPI incidió al denegar su petición de *mandamus* a pesar de que agotó los remedios administrativos que tenía disponibles ante el DCR y completó la planilla correspondiente para recibir los fondos reclamados.

---

[10] *Kilómetro 0 v. Pesquera López, et al.,* 207 DPR 200, 214 (2021).
[11] *Íd.; Romero, Valentín v. Cruz, CEE, et al.,* 205 DPR 972, 985 (2020); *Noriega v. Hernández Colón,* 135 DPR 406, 448 (1994).
[12] *Íd.*
[13] Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423.
[14] *Kilómetro 0 v. Pesquera López, et al.,* supra; *Romero, Valentín v. Cruz, CEE, et al.,* supra; *Noriega v. Hernández Colón,* supra.
[15] *Íd.*
[16] *Báez Galib y otros v. C.E.E. II,* 152 DPR 382, 391-392 (2000).
[17] *Acevedo Vilá v. Aponte Hernández,* 168 DPR 443, 454 (2006).

Según citado, el auto de *mandamus* es un recurso altamente privilegiado y discrecional. Nuestro ordenamiento jurídico exige que la parte promovente cumpla con ciertos requisitos procesales indefectibles para que el tribunal pueda considerarlo. Conforme a estos requisitos, el promovente de la solicitud debe establecer la existencia de un deber ministerial y que dicho deber fue incumplido. Además, tiene que surgir evidencia de que el promovente de la solicitud realizó un requerimiento previo al demandado exigiendo el cumplimiento con su deber.

Al examinar el recurso y el expediente del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), coincidimos con el TPI en que la solicitud de *mandamus* del Sr. Rosario Ortiz no estableció la existencia de un deber ministerial o que ese deber se hubiera incumplido. El expediente carece de documentación que nos demuestre que dicho requisito se cumplió.

Además, surge de los documentos que las agencias demandadas sí atendieron el requerimiento que realizó el Sr. Rosario Ortiz para que el Departamento de Hacienda le desembolsara los fondos reclamados. El Sr. Rosario Ortiz inició el proceso y la División de Remedios Administrativos del DCR le orientó sobre los documentos a completar ante el Departamento de Hacienda para recibir el incentivo. Fue el Sr. Rosario Ortiz quien no completó el proceso fijado por el Departamento de Hacienda para recibir el pago de los fondos.

Así pues, en este caso no se cumplieron los requisitos indispensables para considerar expedir el auto de *mandamus*. Por tanto, resolvemos que no erró el TPI al declarar *no ha lugar* la petición del Sr. Rosario Ortiz. En virtud de lo anterior, confirmamos la sentencia apelada.

## IV.

Por los fundamentos anteriormente expuestos, confirmamos la *Sentencia* apelada.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones